IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

In re:   HENRY L. WILTON          Chapter 11
                                  CASE NO. 10-36398-KRH
         Debtor.

WELLS FARGO BANK,

         Movant

v.                                Cont. Matter No.

HENRY L. WILTON, DEBTOR,

         Defendant.

**MOTION FOR RELIEF FROM STAY OF**
**11 U.S.C. § 362 AND MEMORANDUM IN SUPPORT**

Wells Fargo Bank ("Wells "), the Movant herein, by counsel, respectfully represents to the Court in support of its Motion:

**JURISDICTION AND PARTIES**

1. On September 16, 2010, Henry L. Wilton (the "Debtor") filed in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, a petition for

Paul S. Bliley, Jr. – VSB No. 13973
**WILLIAMS MULLEN**
Two James Center
1021 East Cary Street, 14th Floor
Richmond, Virginia 23218-1320
804.783.6448
Counsel for Wells Fargo Bank

relief under Chapter 11 of the Bankruptcy Code. The case was given Bankruptcy Case No. 10-36398-KRH. The Debtor remains in possession of his property.

2. This Motion is filed pursuant to 11 U.S.C. § 362(d) and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, seeking relief from the stay of 11 U.S.C. § 362(a). This is a "core proceeding" pursuant to 28 U.S.C.§ 157(b)(2)(G).

3. The Movant, Wells, is a successor in interest to Wachovia Bank, N.A. and is a creditor of the Debtor.

4. The Debtor is indebted to Wells on various debts evidenced by various Notes. The Debtor personally guaranteed a Note dated January 31, 2007, evidencing a loan made to Third Avenue Developers, LLC, a Virginia limited liability company, which Note was in the original principal amount of Two Million Two Hundred Thousand Dollars ($2,200,000.00), as amended by that First Modification to Promissory Note and Unconditional Guaranty dated June 21, 2007, whereby the maximum principal amount of the Note was increased to Four Million One Hundred Fifty Thousand Dollard ($4,150,000.00), which amount was later reduced to There Million Dollars ($3,000,000.00) payable to Wells (the "Third Avenue Obligation"). The current principal balance on this obligation, which is personally guaranteed by the Debtor, is $2,855.006.33 plus accrued interest, attorney's fees and related costs. A copy of the Third Avenue Obligation and Personal Guaranty of the Debtor is attached hereto as Exhibit 1.

5. The Debtor guaranteed a Note dated February 14, 2007, made by Wells to Wilton Development of Steamboat, LLC, a Virginia limited liability company in the original principal amount of Seven Million Five Hundred Fourteen Thousand Dollard ($7,514,000.00) payable to Wells, the principal amount of which was later reduced to Seven Million Dollars

($7,000,000.00) (the "Steamboat Obligation") . The current principal balance due on that obligation is $7,000,000.00 plus accrued interest, attorney's fees and related costs. A copy of the Steamboat Obligation and Personal Guaranty of the debtor is attached hereto as Exhibit 2.

6. As collateral for the Debtor's guaranty of the above referenced loans, the Debtor pledged to Wells 125,000 shares of Class A Common Non-Voting Membership Shares of The Wilton Companies LLC, a Virginia limited company ("Wilton Shares). Copies of the Security Agreements granting the security interest in Wilton Shares are attached hereto as Exhibit 3 and 4 and made a part hereof.

7. The security interest in the Wilton Shares was perfected by Wells having possession of the Certificate evidencing the Wilton Shares. A copy of Certificate Number 59, the original of which is in the possession of Wells is attached hereto as Exhibit 5 and made a part hereof.

8. The combined principal amount of the obligations which are personally guaranteed by the Debtor and secured by the pledge of the Wilton Company, LLC membership shares is $9,885.006.00 plus accrued interest, attorney's fees and related costs. Upon information and belief the value of the 125,000 shares of Class A Common Non-Voting Membership shares of the Wilton Company is not more than $100,000.00.

## RELIEF REQUESTED

9. The amount of debt owed to Wells far exceeds the value of the Wilton Shares. There is no equity in the Wilton Company shares and the Wilton Shares are not necessary to an effective reorganization of the Debtor.

10. Cause is not adequately protected and cause exists to warrant the termination of

the stay for the reasons set forth above.

11.     Pursuant to Bankruptcy Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, Wells requests that this Court suspend the fourteen (14) day stay of enforcement of the Order granting relief from the stay.

**WHEREFORE**, Wells Fargo Bank respectfully requests that this Court enter an Order terminating the stay of 11 U.S. C. §362(a) as to the Debtor's interest in the 125,000 shares of Class A, Common Non-Voting Membership shares of the Wilton Companies LLC as to Wells and/or its assigns, and that the Court suspend the fourteen (14) day stay of enforcement of the Order granting relief, pursuant to Bankruptcy Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, and for such other and further relief as to equity and this Court deem right and proper.

WELLS FARGO BANK

By \s\ Paul S. Bliley, Jr
Of Counsel

Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, VA  23219
Phone:  804.420.6448
Fax:     804.420.6507

## **NOTICE OF MOTION AND HEARING**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not wish the Court to grant the relief sought in this motion, or if you want the court to consider your views on this motion, then within fourteen (14) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219,** and serve a copy on the movant's attorney at the address shown below. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fourteen day period.

Attend the preliminary hearing scheduled to be held on: **October 27, 2010, at 9:30 a.m.; in the Judge Huennekens Courtroom, Room 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219.**

If you or your attorney do not take these steps, the Court may decide that you do no oppose the relief sought in the motion and may enter an order granting that relief.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2010, I did mail a copy of the foregoing Motion for Relief of Stay and Notice of Motion and Hearing upon each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(E)(1), first class postage pre-paid or by electronic communication to the following:

Henry L. Wilton
12671 River Road
Henrico, VA 23238

Robert A. Canfield, Esquire
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230

Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219

/s/ Paul S. Bliley, Jr.
Paul S. Bliley, Jr.

8244088_1.DOC