UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HENRY L. WILTON, | ) | Case No. **10-36398** |
| | ) | |
| Debtor. | ) | Jointly Administered |

### LIMITED OBJECTION TO DEBTOR'S MOTION PURSUANT TO RULE 6004 FOR PROPOSED SALE OF REAL ESTATE

John and Diane Chachas, by and through their counsel, hereby file their limited objection (the "Objection") to the Amended Motion Pursuant to Rule 6004 for Proposed Sale of Real Estate (the "Motion") [Docket No. 56] filed by the above-captioned debtor-in-possession (the "Debtor") and, in support thereof, respectfully states as follows:

### PRELIMINARY STATEMENT

John and Diane Chachas want to go forward with the purchase of the Debtor's real and personal property located at 3170 Thistle Street, Deer Valley, Utah 83060. They are willing to do so on the terms and conditions set forth in the Real Estate Purchase Contract and Addendum Three attached to the Motion as Amended Exhibit A (the "REPC"), which expired when the Debtor failed to close on September 29, 2010. The purpose of this Objection is to make clear the conditions on which they are willing to move forward. If those conditions cannot be met or are not acceptable to the Court, the Chachas will not consent to revival of the REPC.

---

Troy Savenko (Va. Bar No. 44516)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA 23218-2470
Telephone (804) 423-7921
Facsimile: (804) 525-1892

*Counsel for John and Diane Chachas*

## BACKGROUND

1. The Debtor is the owner of a property located at 3170 Thistle Street, Deer Valley, Utah 83060 (the "Real Property").

2. The Real Property has been on the market since 2007. Two prior contracts on the Real Property with other prospective purchasers have failed.

3. On September 9, 2010, John G. Chachas and Diane D. Chachas (the "Purchasers") entered into the REPC to purchase the Real Property and all existing personal property (as indicated in the REPC) (the "Personal Property") (collectively with the Real Property, the "Assets") for $1,359,000.00 (the "Purchase Price") on or about a Settlement/Closing Date of September 29, 2010 (the "Original Closing Date").

4. On September 16, 2010, (the "Petition Date") the Debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Purchasers confirmed in a letter to the Debtor's counsel on September 23, 2010, that they were ready, willing, and able to close the transaction on the Original Closing Date.

6. The Debtor failed to perform as required on the Original Closing Date. As a result the Purchasers' obligations under the REPC were terminated.

7. The Purchasers still have $50,000.00 sitting in escrow (the "Escrow Money").

8. Notwithstanding the foregoing, the Purchasers would prefer to purchase the Assets and have expressed to the Debtor their willingness to revive the REPC under certain conditions. In summary, if the sale is to go forward: (a) the sale must be approved by this Court not later than November 3, 2010; (b) the sale cannot be subject to higher and better offers; (c) the

sale order must be entered not later than November 5, 2010; (d) the sale must be free and clear of all liens, claims and encumbrances and provide all the protections afforded a good faith purchaser under the Bankruptcy Code; (e) closing must occur not later than November 10, 2010; and (f) if strict compliance with the foregoing conditions fails for any reason, the Buyers shall be released from any and all liability, and all money held in escrow shall be returned to Buyers immediately with Mr. Wilton executing any documents necessary to affect such release.

## **EXIGENT CIRCUMSTANCES**

9. There are two reasons the sale must happen immediately or, in the alternative, not at all.

10. First, the Purchasers have a financing commitment that expires on November 15, 2010. If the Purchasers are not going to acquire the Assets, they need to be free to purchase another property.

11. Second, the roof on the Real Property is in need of repairs. Deer Valley is a mountainous region that typically experiences 300 to 400 inches of snow fall each winter. The roof repairs will be far more difficult and expensive once the winter snow begins. The Real Property, absent corrective steps to rectify the roof deficiencies, could suffer substantial damage and diminish the asset's value to the extent the area experiences a severe winter before such deficiencies are corrected.

WHEREFORE, John and Diane Chachas respectfully request that this Court enter an Order; (a) approving the sale of the Real Property and Personal Property as provided in the REPC in open court on November 3, 2010, free and clear of all liens, claims and encumbrances with all the protections afforded a good faith purchaser under the Bankruptcy Code; (b) requiring

entry of an order approving the sale of the Assets not later than November 5, 2010; (c) requiring the Debtor to perform all tasks necessary to affect closing not later than November 10, 2010; (d) providing for the immediate release of the Escrow Money and immediate release of the Purchasers from all obligations to the Debtor should any of these conditions fail; (e) providing for the immediate release of the Escrow Money should the sale not be approved; and (f) granting any such additional relief as may be appropriate. Alternatively, if the Court denies the Motion, the Chachas respectfully request that the order denying the Motion: (x) extinguish any further obligations of the Chachas under the REPC; (y) require the Debtor to authorize immediately the release of the Escrow Money; and (z) grant any such additional relief as may be appropriate.

Dated: November 2, 2010

Respectfully Submitted,

/s/ Troy Savenko
Troy Savenko (Va. Bar No. 44516)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA 23218-2470
Telephone: (804) 423-7921
Facsimile: (804) 525-1892

*Counsel for John and Diane Chachas*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, I caused a copy of the foregoing to be served by electronic mail upon all parties that have requested notice of papers with the Court's CM/ECF Noticing System, including counsel for the Debtor and the U.S. Trustee.

/s/ Troy Savenko