**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 36932)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
804-644-1700
*Counsel to Mountain Investments, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  HENRY L. WILTON,                                  Case No. 10-36398-KRH
                                                          Chapter 11
          Debtor.

MOUNTAIN INVESTMENTS, LLC,

          Movant,

v.

HENRY L. WILTON,

          Respondent.

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND NOTICE OF MOTION AND HEARING**

Mountain Investments, LLC ("Mountain"), by counsel, moves for relief from the automatic stay to pursue its rights with respect to certain real properties owned by Henry L. Wilton (the "Debtor") and Cindy L. Wilton, his non-debtor spouse, pursuant to 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and states:

**JURISDICTION**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter constitutes a core proceeding as set forth under 28 U.S.C. § 157.

2.    On September 16, 2010, the Debtor filed a voluntary petition under Chapter 11

of the Bankruptcy Code in this Court.

3. No trustee or creditors' committee has been appointed in this case and the Debtor is operating as a debtor-in-possession.

## FACTS

4. Debtor and his spouse were indebted to the Bank of Hampton Roads (the "Bank") pursuant to a Promissory Note dated May 20, 2008, in the original principal amount of $6,099,460.00.

5. On June 23, 2010, the Bank obtained a judgment against the Debtor and his spouse in the Circuit Court for the County of Henrico, in the amount of $5,860,456.81, plus interest, late fees, attorney's fees, costs and expenses (the "Judgment") attached as Exhibit A.

6. On March 22, 2011, Mountain acquired the Bank's position, including the Judgment, and is entitled to enforce the loan documents and the Judgment.

7. Borrowers own properties located at 12671 River Road, Goochland, Virginia and 2 Third Avenue, Southern Shores, North Carolina (the "Properties"). Borrowers hold title to the properties as tenants-by-entirety.

8. Mountain is the only known joint creditor of both the Debtor and his spouse and, accordingly, is the only creditor that can attach and liquidate its claim against the Properties.

9. By this Motion, Mountain seeks relief from the automatic stay to pursue all rights and remedies it may have with respect to the Properties, including authority to docket the Judgment and to enforce the Judgment against the Properties.

# ARGUMENT

10. Section 362(d)(1) of the Bankruptcy Code allows for relief from the automatic stay when a creditor's interest is not adequately protected or for other cause. *See* 11 U.S.C. § 362(d)(1); *Crestar Bank v. Neal (In re Kitchin Equip. Co. of Va., Inc.)*, 960 F.2d 1242, 1244 (4th Cir. 1992). In order to establish a basis for relief from the automatic stay due to a lack of adequate protection, a creditor must show that "the creditor is precluded from protecting its interests due to the existence of the automatic stay." *In re Self*, 239 B.R. 877, 880 (Bankr. E.D. Tex. 1999). In this case, Mountain is unable to protect its interest in the Properties by recording its Judgment to perfect its judgment liens against the Properties and to enforce the Judgment against the Properties. While this case languishes, Mountain is forced to sit on its rights despite the fact that the Properties are not subject to the claims of the creditors in this case other than Mountain. This is not what the Bankruptcy Code is intended to protect. Without relief from stay, Mountain cannot adequately protect its interests as a judgment lien creditor against tenant by the entirety property to which no other creditor may reach.

11. There is no prejudice to the creditors of the estate and granting relief from stay is consistent with the Bankruptcy Code. The Debtor and his spouse own the Properties as tenants by the entirety. Virginia law and North Carolina laws allow the Debtor and his wife to exempt the Properties from the claim of non-joint creditors. *Ragsdale v. Genesco, Inc.*, 674 F.2d 277 (4th Cir. 1982) (Virginia recognizes tenants by the entirety exemption); *Martin v. Lewis*, 187 N.C. 473, 122 S.E. 180 (1924) ("It is basic law that neither the individual creditors of the husband nor the individual creditors of the wife can reach entirety property by execution upon a judgment procured against either spouse alone. However, joint creditors of both spouses can procure a judgment against both the husband and wife on a joint obligation, and the judgment

will become a lien on land held by them as tenants by the entirety. This is why lenders and creditors so often compel husband and wife to execute obligations as co-makers."). In this case, there are **_no_** joint creditors in this case other than Mountain. Accordingly, creditors are not prejudiced as a matter of law because the Properties are exempt from their reach. Relief from stay is proper to permit Mountain to proceed with the enforcement of its rights against the Properties. *In re Martin*, 20 B.R. 374 (Bankr. E.D.Va. 1982) (granting joint creditor relief from stay to enforce claim against real estate owned by the debtor and his non-debtor spouse because such property is never available in bankruptcy to satisfy the claims of creditors with claims against only the debtor and to prevent a joint creditor from pursuing the property would work an injustice the Bankruptcy Code never intended) (citing *Davison v. Virginia National Bank*, 493 F.2d 1220 (4th Cir. 1974) and *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962)).

**WHEREFORE**, Mountain requests the Court to modify the automatic stay to permit Mountain to take all actions necessary to exercise its rights against the Properties and to grant all other and further relief this Court deems just and proper.

                                        **MOUNTAIN INVESTMENTS, LLC**

                                        By:  /s/ Loc Pfeiffer
                                                            Counsel

**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
804-644-1700
loc.pfeiffer@kutakrock.com
jeremy.williams@kutakrock.com
*Counsel to Mountain Investments, LLC*

# **NOTICE OF MOTION**

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  If you do not want the Court to grant the relief sought in the motion, you must do the following:

1. You must file with the court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 9013-1 and 2004-1 ***not later than fourteen (14) days before the date of hearing of this Motion.***

> Clerk of the Court
> United States Bankruptcy Court
> 701 East Broad Street
> Richmond, Virginia 23219

2. You must also mail a copy to:

> Loc Pfeiffer, Esquire
> Kutak Rock LLP
> 1111 East Main Street, Suite 800
> Richmond, Virginia 23219

3. You must also attend the hearing to consider the relief sought in addition to filing a written objection.  If you do not file a written response by the deadline mentioned above, the Court may consider any objection you may have waived and enter an Order granting the relief requested.  The hearing is scheduled for **June 21, 2011 at 09:30 a.m.**, at the United States Bankruptcy Court, Courtroom 5000, 701 East Broad Street Richmond, Virginia 23219.

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 27, 2011, a true and correct copy of the foregoing was served by ECF to counsel for all necessary parties and by first-class mail as follows:

*Counsel for Debtor:*
Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Email: ltavenner@tb-lawfirm.com

Robert A. Canfield
Canfield, Baer, & Heller, LLP
2201 Libbie Ave., Suite 200
Richmond, VA 23230
Email: bcanfield@canfieldbaer.com

*Twenty Largest Creditors:*

Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026

E. C. Wilton
11201 Patterson Avenue
Henrico, VA 23238

First Capital Bank
4222 Cox Road, Ste. 200
Glen Allen, VA 23060

Franklin Federal Savings Bank
4501 Cox Road
Glen Allen, VA 23060

Gateway Bank
Hampton Roads Bankshares
112 Corporate Drive
Elizabeth City, NC 27909

Hampton Roads Bankshares
12090 W. Broad Street
Henrico, VA 23233

L.A. & Karen Dougherty
100 Hale Hookipa Way
HI 96758

Regions Bank
PO Box 11407
Birmingham, AL 35246

Union First Market Bank
9665 Sliding Hill Road
Ashland, VA 23005

Village Bank
15521 Midlothian Turnpike
Suite 200
Midlothian, VA 23113

Wachovia
PO Box 15019
Wilmington, DE 19886

Wachovia Bank Card Services
P.O. Box 740502
Atlanta, GA 30374

Wachovia Bank N.A.
PA1327
123 South Broad St.
Philadelphia, PA 19109

By: /s/ Loc Pfeiffer
     Counsel

**EXHIBIT A**

BK0206PG0918

**VIRGINIA:**

**IN THE CIRCUIT COURT OF HENRICO COUNTY**

THE BANK OF HAMPTON ROADS,
successor in interest by merger to Gateway Bank
and Trust Company, a North Carolina Banking
Corporation, successor in interest by merger to
The Bank of Richmond, N.A

   **Plaintiff,**

v.                **Case No. CL10-300**

HENRY L. WILTON

and

CINDY L. WILTON

   **Defendants.**

## ORDER

CAME THIS DAY the plaintiff, the Bank of Hampton Roads ("Plaintiff"), by counsel, upon its Motion for Entry of Default Judgment against Defendants Henry L. Wilton and Cindy L. Wilton ("Defendants") and was heard.

It appearing from the evidence that Defendants have received notice of default and having failed properly to appear or file responsive pleadings within twenty-one days from the date of notice, and that Defendants are indebted to Plaintiff in the principal amount of $5,860,456.81; accrued and unpaid interest as of January 22, 2010, in the amount of $166,150.11; late fees in the amount of $27,328.70; accrued interest at the rate of 6.85 % between the dates of January 23, 2010 and June 18, 2010, post-judgment interest at the rate of 6.85% and attorneys' fees to date in the amount of $14,600.97.

ORDERED that Plaintiff's Motion for Entry of Default Judgment be, and hereby is, GRANTED, and it is further

BK0206PG0919

ORDERED that Plaintiff is granted judgment by default against Defendants, in the following amounts:

    a.      judgment in the principal amount of $5,860,456.81;

    b.      accrued and unpaid interest as of January 22, 2010, in the amount of $166,150.11;

    c.      late fees in the amount of $27,328.70;

    d.      pre-judgment interest from January 23, 2010 to June 18, 2010 accruing at a rate of 6.85%;

    e.      post-judgment interest accruing at a rate of 6.85%;

    f.      $14,600.97 in attorney's fees and costs; and

    g.      other costs and expenses incurred in this action and that will be expended in the future.

The Clerk is directed to send a copy of this Order to all parties.

It is so ORDERED.

ENTER: 6/23/10

_____
(Circuit Court Judge)

WE ASK FOR THIS:

_____
Michael D. Mueller (VSB No. 38216)
Belinda D. Jones (VSB No. 72169)
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4100

*Counsel for The Bank of Hampton Roads*

A COPY TESTE:
YVONNE G. SMITH, CLERK
_____
DEPUTY CLERK

2