**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re: HENRY L. WILTON                                    Case No. 10-36398-KRH

        Debtor                                                          Chapter 11


E. CARLTON WILTON,


        Movant,

v.

HENRY L. WILTON,

        Respondent

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

## **NOTICE**

        Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in the bankruptcy case. ( If you do not have an attorney, you may wish to consult one).

        If you do not wish the Court to grant the relief sought in this Motion, or if you want the Court to consider your views on the Motion, then within fifteen (15 ) days from the date of service of this Motion, you must file a written response explaining your position with the Court at the following address: Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219, and serve a copy on the movant's attorney at the address shown below. Unless a written response is filed and served within this 15-day period, the Court may deem opposition waived, treat the Motion as conceded, and issue an order granting the requested relief.

        If you mail your response to the Court for filing, you must mail it early enough so the court will receive it on or before the expiration of the 15-day period.

Attend the preliminary hearing scheduled to be held on July 12, 2011, at 9:30 a.m., in Courtroom 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting relief.

## **MOTION**

E. Carlton Wilton ( "Wilton"), for his Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 (a), alleges and states as follows:

### **Jurisdiction**

1. Henry L. Wilton (the "Debtor") commenced this case on September 16, 2010, by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ( the "Bankruptcy Code') in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, bearing the case Number 10-36398-KRH.

2. This Motion is filed pursuant to § 362 (d) of the Bankruptcy Code, Bankruptcy Rules 4001 (a) and 9014, and Local Bankruptcy Rule 4001 (a)-1, seeking relief from the automatic stay of § 362 (a) of the Bankruptcy Code.

3. This court has jurisdiction over this Motion for Relief from Stay pursuant to 28 U.S.C. §§ 157 and 1334.

### **The Debt and the Collateral**

4. Debtor was a maker of a $500,000.00 promissory note made payable to Ruffin and Payne, Inc. (hereafter "Ruffin and Payne") dated August 28, 2007.

5. On February 8, 2008, Debtor executed an AMENDED AND RESTATED PROMISSORY NOTE (With Security Agreement) with Ruffin and Payne (hereafter the "Note"), a copy of which is attached hereto as **Exhibit A**.

6. The Note had an initial principal balance of $750,000.00 and allowed for additional principal advancements up to a maximum balance of $2,000,000.00. The Note provided that interest be paid to the Payee at 8.25 % per annum.

7. As security for the repayment of the obligations under the Note and pursuant to paragraph 7 of the Note, Debtor pledged 942.89 shares of Class A Common Nonvoting Membership Shares of the Wilton Companies, Inc., represented by Certificate No. 26D (attached hereto as **Exhibit B** ), 523 shares of Class A Common Nonvoting Membership Shares of the Wilton Companies, Inc., represented by Certificate No. 54 B ( attached hereto as **Exhibit C** ), and 636.02 shares of Class A Voting Membership Shares of The Wilton Companies, Inc., represented by Certificate No. 57 (attached hereto as **Exhibit D** ), collectively, (the "Collateral").

8. Paragraph 7 of the Note mischaracterized Certificate No. 57 as "non-voting stock," where clearly Certificate No. 57 represents and is 636.023400 Class A Voting Memberships Shares as stated on the face of the stock certificate ( **Exhibit D**) .

9. On March 9, 2009, Wilton bought the Note from Ruffin and Payne for $1,782,123.15 and executed a NOTE SALE AND ASSIGNMENT AGREEMENT (hereafter "Assignment Agreement") with Ruffin and Payne which is attached hereto as **Exhibit E**.

In order to correct the typo in Paragraph 7 of the Note which mistakenly referred to Stock certificate No. 57 ( Exhibit C) as "non-voting," instead of "voting" shares, Debtor and Ruffin and Payne executed the FIRST ALLONGE AND AMENDMENT TO PROMISSORY

NOTE (hereafter "Allonge Agreement") to the Note, just prior to Wilton's purchase of the Note on March 9, 2009. A true and accurate copy of the Allonge Agreement is attached hereto as **Exhibit F**.

10. The Allonge Agreement confirmed the actual collateral pledged under the Note by amending Paragraph (a) of Section 7 of the Note to read:

> "(a) 942.89 shares of Class A Common Nonvoting Stock of the Wilton Companies, Inc., represented by Certificate No. 26D, 523.00 shares of Class A Common Nonvoting Membership Shares of The Wilton Companies, LLC, represented by Certificate No. 54B, and 636.0234 shares of Class A Common Voting Membership Shares of the Wilton Companies, LLC, represented by Certificate No. 57 (collectively, the "Shares").

11. Wilton has received no payments under the Note and the Note was in default before Debtor filed his bankruptcy petition on September 16, 2010.

12. The pre-petition balance of the Note as listed on Schedule D of Debtor's bankruptcy petition is $ 1,750,000.00. However, the actual balance on the Note is $2,046,994.14, with accrued interest at 8.25% as allowed in paragraph 3 of the Note and 5% late charges as allowed in paragraph 4 of the Note all of which is due and payable in addition to attorney's fees and costs as allowed by the Note.

13. Interest is accruing on the Note at $14,073.08 /month.

14. The pre-petition value of the collateral as stated on Schedule D of Debtor's bankruptcy petition is $879,534.00.

15. Wilton has incurred and will continue to incur attorney's fees and legal costs arising as a result of this bankruptcy filing. Wilton is entitled to add those attorney's fees and costs to his claim under the Note.

**Relief Requested**

16. Wilton requests that the Court enter an Order lifting the automatic stay of 11 U.S.C. § 362 (a) so that Wilton may enforce his rights (a) against the collateral under the Assignment Agreement and applicable state law, and use any appropriate legal means, including but not limited to the use of discovery under applicable non-bankruptcy law, to obtain documents and information from the Debtor relating to the obligations.

17. "Cause" exists to grant relief from the automatic stay of 11 U.S.C. § 362 (a) as requested herein based on, without limitation, lack of adequate protection of Wilton's interest in the collateral.

18. The Debtor has no equity in the Collateral. The Collateral's value is substantially lower than the payoff amount of the Note.

19. The Collateral is not necessary to an effective reorganization of the Debtor.

WHEREFORE, Wilton respectfully requests entry of an Order terminating the stay of § 362 (a) of the Bankruptcy Code so that Wilton may enforce his rights against the Collateral under the Assignment Agreement and applicable state law, and use any appropriate legal means, including but not limited to the use of discovery under applicable non-bankruptcy law, to obtain documents and information from the Debtor relating to the obligation. Wilton also requests such further relief as the Court deems appropriate.

E. CARLTON WILTON

By: ___/s/ Robert C. Smith_____

Counsel

Robert C. Smith -VSB. No. 24722
Robert C. Smith, P.C.
208 S. Wilton Road
Richmond, Virginia 23226
(804) 357-5977
Email: rsmith@chartwellcapital.net

Richard J. Knapp-VSB No. 15834
Richard J. Knapp P.C.
2800 Patterson Avenue
Suite 101
Richmond, Virginia 23221
(804)-377-8848
(804)-377-8851 (fax)
Email: Richard@rknappesq.com

## CERTIFICATION OF SERVICE

I certify that on June 17, 2011, a true copy of the foregoing Motion for Relief from Stay was sent by first-class mail, postage prepaid, or by the Court's ECF system (as shown below), to all necessary parties, as follows:

Counsel for Debtor:

Lynn L. Tavenner
Tavenner and Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Va 23219
Email:ltavenner@tb-lawfirm.com

Robert A. Canfield
Canfield, Baer and Heller, L.L.P.
2201 Libbie Ave., Suite 200

Richmond, Va 23230
Email:bcanfield@canfieldbaer.com

Twenty Largest Creditors:

Bank of America
P.O. Box 15026
Wilmington, De 19850-5026

First Capital Bank
4222 Cox road, Suite 200
Glen Allen, Va 23060

First Federal Savings Bank
4501 Cox Road
Glen Allen, Va 23060

Gateway Bank
Hampton Roads Bankshares
112 Corporate Drive
Elizabeth City, NC 27909

Hampton Roads Bankshares
12090 W. Broad Street
Henrico, Va 23222

L.A. & Karen Dougherty
100 Hale Hookipa Way
Wailea, HI, 96753

Regions Bank
P.O. Box 11407
Birmingham, Al 35246

Village Bank
15521 Midlothian Turnpike
Suite 200
Midlothian Va 23113

Wachovia
P.O. Box 15019
Wilimington, De 19886

Wachovia Bank Card Services
P.O. Box 740502
Atlanta, Ga 30374

Wachovia Bank N. A.
PA 1327
123 South Broad St.
Philadelphia, Pa 19109

                    By:   /s/ Robert C. Smith
                              Counsel