IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:      HENRY L. WILTON                                  Chapter 11
                                                             CASE NO. 10-36398-KRH
              Debtor.

### WELLS FARGO BANK, N.A.'S LIMITED OBJECTION AND RESPONSE TO MOTION TO AUTHORIZE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS AND INTERESTS

Comes now, Wells Fargo Bank, N.A. ("Wells") by counsel, and for its Limited Objection in response to the Motion of Mountain Investments, LLC and Henry L. Wilton, (the "Debtor") to approve the sale of certain stock and membership interests of the Debtor, free and clear of liens and interest (the "Motion") states as follows:

1.    Wells is a substantial creditor of the Debtor. Wells has filed a secured claim in this case for $22,776,290.26. Wells' claim is secured by Deeds of Trust on certain property owned by affiliates of the Debtor and is also secured by a judicial lien created by a writ of fieri facias on property not capable of being levied upon owned by the Debtor. It is anticipated that once all of its collateral is liquidated Wells will hold an unsecured claim against the Debtor in

Paul S. Bliley, Jr. -- VSB No. 13973
**WILLIAMS MULLEN**
**Two James Center**
**1021 East Cary Street, 14th Floor**
**Richmond, Virginia 23218-1320**
**804.783.6448**
**Counsel for Wells Fargo Bank, NA**

excess of $14,000,000.00. The Motion proposes to sell certain common stock and membership interests of the Debtor (collectively, the "Interests") including Certificate Number 54B (523 Membership Interest Shares in Wilton, LLC) ("Certificate 54B"), Certificate Number 26D (942.89 Stock shares of Wilton, Inc.) ("Certificate 26D"), and Certificate Number 57 (636.0234 Membership Interest Shares in Wilton, LLC) ("Certificate 57").

2. As suggested in the Motion the Debtor's father, E. Carlton Wilton, ("Carlton") asserts a lien against the Interests. The Motion further states that Carlton consents to the sale of the Interests free and clear of any lien he may hold, provided that his lien attaches to the sale proceeds "subject to the Court's further adjudication of all rights and interests (including the lien) therein". (Paragraphs 13(b) & 14(b) of the Motion.) The Motion further suggests in Paragraph 20 that Carlton is the only party who asserts a lien against the Interests. This Paragraph also provides that Carlton's security interest will attach to the proceeds of the Interests. Paragraph 22 of the Motion states that to the Debtor's knowledge, no adverse claims exist with respect to the Interests to be sold and as a result, no party will fail to be adequately protected in connection with the sale.

3. Furthermore, Exhibit A to the Motion is a Agreement acknowledges that Carlton claims a lien on Certificates 54B and 26D and "that any sale of said shares shall require that all proceeds from the sale be subject to the lien of ECW [Carlton]". Exhibit B attached to the Motion is an Agreement which, in part, deals with Certificate 57, states that Carlton claims a lien on Certificate 57 and "that any sale of said shares shall require that all proceeds from the sale be subject to the lien of ECW [Carlton] unless the Bankruptcy Court determines that no lien exists".

4.	Carlton has previously filed a Motion for Relief from the Stay herein (Docket Number 156) seeking to enforce his alleged lien against Certificates 26D, 54B and 57. Wells and the Bank of Hampton Roads have filed a response and objection to this stay relief motion (Docket Number 181 & 185). Wells' response asserts that there are no facts plead which establish that Carlton has a perfected security interest in the Interests which are subject to the stay relief motion. Furthermore, Wells asserts that to the extent the facts support Carlton's perfected security interest in the Interests, any such security interest may be avoidable under the provisions of the Bankruptcy Code, especially in light of Carlton's status as an "Insider" of the Debtor.

5.	With respect to Certificate 26D, which represents shares of Class A Common Non-Voting Stock of Wilton Companies, Inc., Wells claims a perfected lien on those shares as a result of a writ of fieri facias filed by Wells prior to the filing of this case by the Debtor. This lien has previously been acknowledged by the Debtor in an Order entered herein on April 7, 2011 (Docket Number 129). Under Virginia law the Wells fieri facias lien attaches to all property of a Debtor not capable of being levied upon which would include the common stock interest evidenced by Certificate 26D. Wells' position as a holder of a judicial lien on property may not be capable of being levied on may also result in Wells holding a perfected lien on the Debtor's Certificates Number 26D and 57, which represent Membership Interests.

6.	To the extent that Wells holds a lien on the Interests through its writ of fieri facias, Wells has no objection to the sale of the Interests. Nevertheless, any proceeds from any such should be held in escrow until such time as the validity, extent and priority of any liens on the Interests are determined. Based upon the anticipated conversion of this proceeding into a

Chapter 7 case, time should be given to any Trustee in Bankruptcy appointed herein to examine all of the alleged security interests of the parties in the Interests to determine if any such asserted security interests are valid and if valid whether any such interest may be avoidable under applicable provisions of the Bankruptcy Code.

7.  Wells take no position on the sufficiency of the sale price for the Interests. Wells recently sold shares of Wilton Company LLC non-voting membership shares at a secured party sale for $650.00 per share. Nevertheless, Wells files this limited objection not to oppose the sale itself, but to oppose any distribution of the proceeds to Carlton, with respect to the sale of Certificate Numbers 54B, 26D and 57 and requests that the proceeds from the sale of those shares be held in escrow until such time as an appropriate proceeding can be filed to determine the respective parties' claims to such proceeds.

**WHEREFORE**, Wells Fargo Bank, N.A. files this Limited Objection for the reasons set forth above and requests that upon approval and closing of the sale of the Interests that any proceeds there from be held in escrow until such time as the validity, extent and priority of any security interest in the Interests can be determined and until such time as a Trustee in Bankruptcy, once appointed, can examine any basis for the perfection of a Creditor's security interest in the Interest to determine if any perfected security interest may be avoidable under the applicable provisions of the Bankruptcy Code, and that Wells may have such other and further relief as may be appropriate under the circumstances.

WELLS FARGO BANK, NA

By   /s/ Paul S. Bliley, Jr.
           Of Counsel

Paul S. Bliley, Jr., VSB No. 13973
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, VA  23219
Phone: 804.420.6448
Fax:    804.420.6507

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on  July 14, 2011, a true and correct copy of the foregoing was served via the Court's ECF system, via e-mail or via first class mail on the following necessary parties:

Robert A. Canfield, Esquire
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA  23230

Lynn L. Tavenner, Esquire
Tavenner and Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA  23219

Richard J. Knapp, Esquire
Richard J. Knapp, P.C.
2800 Patterson Avenue
Suite 101
Richmond, VA  23221

Robert C. Smith, Esquire
Robert C. Smith, P.C.
208 S. Wilton Road
Richmond, VA  23226

Bank of America
P.O. Box 15026
Wilmington, DE 19850

D. Marc Sarata, Esq.
Leach Travel Britt, PC
8270 Greensboro Drive
Suite 1050
McLean, VA 22102

Christian K. Vogel, Esq.
LeClairRyan
951 East Byrd Street, 8th Floor
Richmond, VA 23219

L.A. & Karen Dougherty
100 Hale Hookipa Way
HI 96758

Jennifer J. West, Esquire
Spotts Fain PC
P.O. Box 1555
Richmond, VA 23218

James A. Yergin, Esquire
5290 Old Alexandria Turnpike
Warrenton, VA 20187

Michael D. Mueller, Esq.
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, VA 23219

Wachovia Bank Card Services
P.O. Box 740502
Atlanta, GA 30374

Regions Bank
P.O. Box 11407
Birmingham, AL 35246

Loc Pfeiffer, Esquire
Kutak Rock
1111 East Main Street, Suite 800
Richmond, VA  23219

                                                By  /s/ Paul S. Bliley, Jr.

15372246_1.DOC