IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE:    HENRY L. WILTON, | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 10-36398-KRH |
| Debtor | ) | |
| | ) | |

### OBJECTION TO DEBTOR'S MOTION TO APPROVE COMPROMISE AND TO AUTHORIZE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS AND INTERESTS

**COMES NOW** Walter Hooker, Esquire ("Hooker"), by counsel, a creditor and party in interest, to object (the "Objection") to the Debtor's above-cited Motion (the "Motion"), and in support thereof, shows the Court as follows:

### PARTIES

1. Hooker is a natural person residing in the Commonwealth of Virginia.

2. On September 15, 2010, debtor filed his Chapter 11 case in this Court.

### JURISDICTION and VENUE

3. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(N). Among the predicates for the Objection is FED.R.BANKR.PROC. 6004.

## FACTS PERTINENT TO HOOKER'S OBJECTION

4.  On March 20, 2009, the debtor executed two assignments of Class A Common Nonvoting Membership Shares of the Wilton Companies, LLC, to Hooker:

(i) 48.11760 Shares represented by Certificate No. 113B; and

(ii) 25.37300 Shares represented by Certificate No. 96.

*See* Exhibit A attached hereto (the "Shares").

5.  The Shares were assigned by the debtor to Hooker pursuant to an Agreement dated February 9, 2005 in which the debtor agreed to convey the Shares to Hooker in satisfaction of a loan of $200,000 and additional, previous loans.
*See* Exhibit B attached hereto.

6.  These are the among the shares that the debtor wishes to transfer to Mountain Investments, LLC, pursuant to Exhibit B of the Motion, in which he states, *inter alia:*

> Wilton represents and warrants unto Mountain that, subject to the terms and conditions of the Amended and Restated Member's Agreement and the First Amendment to Operating Agreement of the Wilton Companies, LLC, he has the requisite power and authority enter into this Agreement and to carry out his obligations hereunder and the transactions contemplated hereby including, but not limited to, *a warranty that he is the sole owner of the Shares which he specifically hereby warrants.*

*Emphasis supplied.*

2

7. Based upon the representations contained in the Motion and Exhibit B, it would appear that no pledge or lien encumbers the Shares, and that the debtor asserts an unrestricted right to convey the Shares to another third-party after the debtor has already assigned the Shares to Hooker.

8. Hooker is a prior in time, *bona fide* purchaser for value of the Shares.

9. Hooker believes, and therefore alleges, that the debtor and The Wilton Companies, LLC, were aware of the assignments of the Shares prior to the filing of the present Motion.

## OBJECTIONS

10. Hooker objects to the conveyance of the Shares to anyone other than himself.

11. Hooker denies that the legal and/or equitable ownership in the Shares are held by the debtor but instead are owned by him.

12. Hooker denies that the Shares are "property of the estate" within the meaning of 11 U.S.C. § 363(f), or that the Shares may be sold pursuant to that provision of the Bankruptcy Code.

13. Should the Court find that FED.R.BANKR.PROC. 9014 is applicable to the Motion, Hooker states that:

    (a) There is no factual support for the $630.91 per share price proposed;

(b) There is no apparent justification for the releases provided in the Exhibit B Agreement to The Wilton Companies, LLC, Richard S. Johnson or Rodney M. Poole, nor is there any indication of the consideration paid for such releases;

(c) There is no independent trustee or creditors' committee to vet the proposed "compromise", and, based upon Hooker's information and belief, all of the parties involved in the Motion are "insiders" of the Wilton Companies, LLC, not in the technical bankruptcy sense but rather officers, directors and shareholders of the company, and the debtor's father. No aspersions with respect to these gentlemen or the company are intended, but this type of situation can prove difficult.

(d) By operation of these proposed Agreements, a non-debtor party, the debtor's spouse, will obtain a release. There is no indication in the Motion as to the consideration paid for this release, if any.

(e) Based upon Hooker's information and belief, he alleges that the same restrictions, if any, set forth in The Wilton Companies, LLC's articles of organization or operating agreement that might have prevented the transfer of the Shares on the company books to Hooker should also be applicable to the proposed stock sale.

**WHEREFORE**, Hooker prays that the Court deny the Motion and award to him such other and further relief as may be just and proper.

Date: July 16, 2011

\s\ Douglas Scott
Douglas Scott, VSB No. 28211

DOUGLAS A. SCOTT, PLC
Suite 311, 1805 Monument Avenue
Richmond, Virginia 23220
☎ 804.257.9860
BankruptcyCounsel@gmail.com
Counsel for Walter Hooker, Esquire

## CERTIFICICATE OF SERVICE

I, the undersigned, do hereby certify that on this day I served all necessary parties with this Objection *via* the Court's ECF facility:

\s\ Douglas Scott

Macintosh HD:Case Files:Case Files:11:Hooker, Walter L- individual creditor:Objection to 9014 Motion

5



The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations.

| | | | |
|---|---|---|---|
| TEN COM | —as tenants in common | UNIF GIFT MIN ACT-......Custodian.......... | |
| TEN ENT | —as tenants by the entireties | (cust) (Minor) | |
| | | under Uniform Gifts to Minors Act............ | |
| JT TEN | —as joint tenants with right of survivorship and not as tenants in common | (State) | |

Additional abbreviations may also be used though not in the above list.

*For value received* _____ *hereby sell, assign and transfer unto*
PLEASE INSERT SOCIAL OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____
(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Class A Common Nonvoting Membership Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint* _____ *Attorney to transfer the said Class A Common Nonvoting Share on the books of the within named limited liability company with full power of substitution in the premises.*

*Dated* _____, _____

*In the presence of* _____

THE SHARES OF MEMBERSHIP INTERESTS EVIDENCED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED ("ACT"), OR ANY STATE OR FOREIGN SECURITIES LAWS. THE SHARES EVIDENCED BY THIS CERTIFICATE MAY NOT BE SOLD, PLEDGED, TRANSFERRED OR OTHERWISE DISPOSED OF UNLESS (A) REGISTERED OR QUALIFIED IN ACCORDANCE WITH THE ACT AND ANY APPLICABLE STATE OR FOREIGN SECURITY LAWS OR IN THE OPINION OF COUNSEL REASONABLE ACCEPTABLE TO THE WILTON COMPANIES, LLC, SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED AND (B) SUCH TRANSFER COMPLIES WITH THE TERMS AND PROVISIONS OF A CERTAIN OPERATING AGREEMENT DATED AS OF DECEMBER 13, 2002, A COPY OF WHICH IS ON FILE AT THE OFFICES OF THE CORPORATION.

## ASSIGNMENT

For Value received, Henry L. Wilton does hereby sell, assign and transfer unto

___WALTER L. HOOKER___

___25.73700___ Shares represented by the within Certificate,

___No 96___ and do hereby irrevocably constitute and

appoint _____

Attorney to transfer the said shares on the books of the within named Corporation with full power of substitution in the premises.

Dated, ___MARCH 20, 2009___

*[signed] Henry Wilton*

In presence of

*[signed]*



The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations.

| | | | |
|---|---|---|---|
| TEN COM | —as tenants in common | UNIF GIFT MIN ACT—......Custodian............ | |
| | | (cust) | (Minor) |
| TEN ENT | —as tenants by the entireties | under Uniform Gifts to Minors Act............ | |
| | | | (State) |
| JT TEN | —as joint tenants with right of survivorship and not as tenants in common | | |

Additional abbreviations may also be used though not in the above list.

For value received _____ hereby sell, assign and transfer unto
PLEASE INSERT SOCIAL OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____

(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____

_____

_____ Class A Common Nonvoting Membership Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint _____ Attorney to transfer the said Class A Common Nonvoting Share on the books of the within named limited liability company with full power of substitution in the premises.

Dated _____, _____

In the presence of _____

THE SHARES OF MEMBERSHIP INTERESTS EVIDENCED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED ("ACT"), OR ANY STATE OR FOREIGN SECURITIES LAWS. THE SHARES EVIDENCED BY THIS CERTIFICATE MAY NOT BE SOLD, PLEDGED, TRANSFERRED OR OTHERWISE DISPOSED OF UNLESS (A) REGISTERED OR QUALIFIED IN ACCORDANCE WITH THE ACT AND ANY APPLICABLE STATE OR FOREIGN SECURITY LAWS OR IN THE OPINION OF COUNSEL REASONABLE ACCEPTABLE TO THE WILTON COMPANIES, LLC, SUCH REGISTRATION AND QUALIFICATION IS NOT REQUIRED AND (B) SUCH TRANSFER COMPLIES WITH THE TERMS AND PROVISIONS OF A CERTAIN OPERATING AGREEMENT DATED AS OF DECEMBER 13, 2002, A COPY OF WHICH IS ON FILE AT THE OFFICES OF THE CORPORATION.

## ASSIGNMENT

For Value received, Henry L. Wilton does hereby sell, assign and transfer unto

_WALTER L. HOOKER_

_98.11760_ Shares represented by the within Certificate,

_No. 113 B_ and do hereby irrevocably constitute and

appoint _____

Attorney to transfer the said shares on the books of the within named Corporation with

full power of substitution in the premises.

Dated: _MARCH 20, 2009_

_____

In presence of
_____

# AGREEMENT

THIS Agreement made this 9th day of February 2005, by and between **WALTER L. HOOKER,** hereinafter referred to as **"HOOKER"**; and **HENRY L. WILTON,** hereinafter referred to as **"WILTON"**.

WHEREAS the parties have agreed that Hooker shall loan to Wilton the sum of $ _200,000_ , which shall bear interest at the rate of 10% per annum, payable monthly beginning March 1, 2005 and continuing until _MARCH 1, 2007_

At that time, Wilton shall convey stock in the Wilton Company to Hooker in satisfaction of the debt with the stock to have a value as of February 9, 2005.

The funds are to be used for the purchase/development of "The Verizon Project".

WITNESS THE FOLLOWING SIGNATURES AND SEALS:

_____
Walter L. Hooker

_____
Henry L. Wilton

EXHIBIT B