## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: HENRY L. WILTON                                Case No. 10-36398-KRH

       Debtor                                Chapter 11


E. CARLTON WILTON,


       Movant,

v.

HENRY L. WILTON,

       Respondent


### STIPULATION OF FACT


Comes now E. Carlton Wilton ("Wilton"), Wells Fargo Bank, as successor in interest to Wachovia Bank and The Bank of Hampton Roads, by counsel, and as and for a Stipulation of Fact for purposes of Wilton's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 (a) (the "Motion"), state as follows:

### Jurisdiction

1.    Henry L. Wilton (the "Debtor") commenced this case on September 16, 2010, by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code') in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, bearing the case Number 10-36398-KRH.  Wilton is the father of the Debtor.

2.      The Motion before the Court is filed pursuant to § 362 (d) of the Bankruptcy

Code, Bankruptcy Rules 4001 (a) and 9014, and Local Bankruptcy Rule 4001 (a)-1, seeking

relief from the automatic stay of § 362 (a) of the Bankruptcy Code.

3.      This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.

### The Debt and the Collateral

4.      Debtor was a maker of a $500,000.00 promissory note originally made payable to

Ruffin and Payne, Inc. ("Ruffin and Payne") dated August 28, 2007.

5.      On February 8, 2008, Debtor executed an AMENDED AND RESTATED

PROMISSORY NOTE (With Security Agreement) with Ruffin and Payne (the "Note"), a copy

of which is attached hereto as **Exhibit A** which amended the note dated August 28, 2007.

6.      The Note had an initial principal balance of $750,000.00 and allowed for

additional principal advancements up to a maximum balance of $2,000,000.00.  The Note

provided that interest be paid to the Payee at 8.25 % per annum.

7.      As security for the repayment of the Note and pursuant to paragraph 7 of the

Note,  language was included in the Note which ostensibly granted a security interest in 942.89

shares of Class A Common Nonvoting Membership Shares of the Wilton Companies, Inc.,

represented by Certificate No. 26D (attached hereto as **Exhibit B** ),  523 shares of Class A

Common Nonvoting Membership Shares of the Wilton Companies, Inc. (sic), represented by

Certificate No. 54 B ( attached hereto as **Exhibit C** ), and 636.02 shares of Class A Voting

Membership Shares of The Wilton Companies, Inc. (sic), represented by Certificate No. 57

(attached hereto as **Exhibit D** ), collectively, (the "Collateral").  In addition, the Debtor

delivered physical possession of these three Certificates and three signed Irrevocable Stock

2

Powers in blank to Ruffin and Payne.  Copies of these Stock Powers are attached as **Exhibit G**.

The certificates which comprise the Collateral are closely held and are not dealt in or traded on

securities exchanges or in securities markets.

8. Paragraph 7 of the Note incorrectly described Certificate No. 57 as "Class A

Common Non-Voting Stock of The Wilton Companies, Inc." when, in fact, Certificate No. 57

represents shares of Class A Common Voting Memberships Shares of The Wilton Companies,

LLC as shown on the face of Certificate Number 57 (**Exhibit D**).  Paragraph 7 of the Note also

incorrectly describes Certificate Number 54B as shares of "Class A Common Non-Voting Stock

of The Wilton Companies, Inc." when, in fact, Certificate Number 54B represents shares of the

Class A Non-Voting Membership Shares of The Wilton Companies, LLC as shown on the face

of the Membership Interest Certificate (**Exhibit C**).

9. On March 9, 2009, the Debtor and Ruffin and Payne executed the FIRST

ALLONGE AND AMENDMENT TO PROMISSORY NOTE (hereafter "Allonge Agreement")

to the Note, just prior to Wilton's purchase of the Note on March 9, 2009. A true and accurate

copy of the Allonge Agreement is attached hereto as **Exhibit F**.

10. The Allonge Agreement corrected the actual collateral pledged under the Note by

amending Paragraph (a) of Section 7 of the Note to read:

> (a) 942.89 shares of Class A Common Nonvoting Stock of The Wilton
> Companies, Inc., represented by Certificate No. 26D, 523.00 shares of Class A
> Common Nonvoting Membership Shares of The Wilton Companies, LLC,
> represented by Certificate No. 54B, and 636.0234 shares of Class A Common
> Voting Membership Shares of The Wilton Companies, LLC, represented by
> Certificate No. 57 (collectively, the "Shares").

11.     On March 9, 2009, Wilton bought the Note from Ruffin and Payne for

$1,782,123.15 and executed a NOTE SALE AND ASSIGNMENT AGREEMENT (hereafter

"Assignment Agreement") with Ruffin and Payne which is attached hereto as **Exhibit E**.  At the

time of this closing, Ruffin and Payne delivered physical possession of the three Certificates

referenced in the Allonge (Exhibits B,C and D) and the three signed Irrevocable Stock Powers in

blank (Exhibit G) to Wilton.

12.     Wilton filed a UCC-1 financing statement with the Virginia State Corporation

Commission on April 2, 2010 (the "Financing Statement").   A copy of the Financing Statement

is attached hereto as **Exhibit H.**  The Financing Statement incorrectly described Certificate No.

57 as "Certificate No. 139", incorrectly described the owner of this Certificate as "Wilton Family

Investments, LLC", not Henry L. Wilton and incorrectly described this Certificate as being

"Nonvoting" instead of voting.  The Financing Statement also incorrectly described Certificate

Number 26D as "membership shares of The Wilton Companies, LLC" instead of common stock

shares of The Wilton Companies, Inc.

13.     Wilton was in default under the Note before Debtor filed his bankruptcy petition

on September 16, 2010.

14.     The pre-petition balance of the Note as listed on Schedule D of Debtor's

bankruptcy petition is $ 1,750,000.00.  However, the actual balance on the Note is

$2,046,994.14, with accrued interest at 8.25% as allowed in paragraph 3 of the Note and 5% late

charges as allowed in paragraph 4 of the Note all of which is due and payable in addition to

attorney's fees and costs as allowed by the Note.

15.     Interest is accruing on the Note at $14,073.08 /month.

16.     The pre-petition value of the Collateral asserted by the Debtor on Schedule D of his bankruptcy petition is $879,534.00.

17.     Wilton has incurred and will continue to incur attorney's fees and legal costs arising as a result of this bankruptcy filing.  Wilton is entitled to add those attorney's fees and costs to his claim under the Note.

18.     From the time of the closing of the Note Sale and Assignment referenced herein and to the current time, Wilton or his attorney has retained possession of the original endorsed Certificate Numbers 26D, 54B and 57 and applicable stock powers signed in blank.

E. CARLTON WILTON

By: ____/s/ Robert C. Smith_____

Counsel

Robert C. Smith -VSB. No.  24722
Robert C. Smith, P.C.
208 S. Wilton Road
Richmond, Virginia 23226
(804) 357-5977
Email: rsmith@chartwellcapital.net

Richard J. Knapp-VSB No. 15834
Richard J. Knapp P.C.
2800 Patterson Avenue
Suite 101
Richmond, Virginia 23221
(804)-377-8848
(804)-377-8851 (fax)
Email: Richard@rknappesq.com

WELLS FARGO BANK, N.A.

By  /s/ Paul S. Bliley, Jr.

Of Counsel

Paul S. Bliley, Jr., VSB No. 13973
WILLIAMS MULLEN
P.O. Box 1320
Richmond, VA  23218-1320
Telephone:    (804) 420-6448
Fax:             (804) 420-6507
pbliley@williamsmullen.com
Counsel for Wells Fargo Bank, N.A.

BANK OF HAMPTON ROADS

By  /s/ Michael D. Mueller

Michael D. Mueller, VSB No. 38216
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone:    (804) 697-4100
Fax:             (804) 697-4112
Counsel for Bank of Hampton Roads

15691002_1.DOC